UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YANILDA A. TORO,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>VETERANS AFFAIRS,<br><br>　　　　　　　　Defendant. | Civil Action No.: 24-09749 (JXN) (JRA)<br><br>**OPINION** |

**NEALS**, District Judge

　　Before the Court is *pro se* Plaintiff Yanilda A. Toro's ("Plaintiff") Complaint (ECF No. 1) against Defendant the New Jersey Department of Military and Veterans Affairs ("NJVA") (incorrectly pled as "Veterans Affairs" and "Veterans Affairs of New Jersey"), and application to proceed *in forma pauperis* ("IFP") (IFP Appl., ECF No. 1-1). For the reasons set forth below, the Complaint is **DISMISSED** *with prejudice*.

**I.　　BACKGROUND**

　　Plaintiff filed this Complaint on October 8, 2024 (*see Complaint ("Compl.")*), and applied to proceed IFP (*see* IFP Appl.) As best the Court can tell, the Complaint is premised on Plaintiff's attempt to file for survivor's benefits with the NJVA, first in October of 2016, and again in March of 2024. (Compl. *4.[1]) Plaintiff claims her father, a veteran, passed away on December 7, 2014. (*Id.* at *3-4.) Plaintiff alleges that in 2016, and again in 2024, she called the NJVA seeking assistance with an application for monetary death benefits. (*Id.*) Plaintiff claims an unnamed NJVA representative asked her questions about the time and circumstances of her father's death. (*Id.* at

---

[1] Pin-cites preceded by an asterisk (*) refer to the pagination atop the CM/ECF header.

1

*3.) Plaintiff ultimately could not answer the representative's questions and asserts that the representative told her they could not proceed with assisting her. (*Id*.) Plaintiff claims she has since faced multiple years of housing insecurity, homelessness, and involuntary hospitalization. (*Id*. at *3-4.) Plaintiff seeks $800 billion in damages. (*Id.* at *4.) Roughly five months after filing the Complaint, Plaintiff wrote a largely incoherent letter to the Court seeking $900 centillion raised to the power of 900 centillion (a number so large it is essentially beyond human comprehension) for the loss of custody of her child, for continued unwanted sexual harassment, for being "studied by the V.A. as a child," and forced sterilization. (ECF No. 3, at *3-4.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1915, a plaintiff may proceed with a civil action IFP without paying the court filing fee. The IFP statute requires that a plaintiff submit a complete financial affidavit to demonstrate financial need. 28 U.S.C. § 1915(a). *See Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, No. 24-105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) ("The requirement that a plaintiff demonstrate financial need through submission of a complete financial affidavit is an essential part of the statute."). Under the statute, the Court must assess the financial affidavit to determine whether the plaintiff can proceed IFP. 28 U.S.C. § 1915(a). The Court must also decide *sua sponte* whether the Complaint should be dismissed. 28 U.S.C. § 1915(e).

An IFP complaint must be dismissed if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). In screening an IFP complaint, however, this Court is mindful that *pro se* pleadings must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Yet there are limits to [the Court's] procedural flexibility" and "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

### III.  DISCUSSION

"[A] court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019). To "conserve judicial resources", the Court considers the merits of Plaintiff's complaint first. *Id.*

Though Plaintiff does not explicitly articulate a statutory basis for relief, the Court views Plaintiff's claims as brought under 42 U.S.C. § 1983. *See Dluhos v. Strasberg*, 321 F.3d 365, 373 (3d Cir. 2003) ("[W]e will apply the applicable law, irrespective of whether [the *pro se* litigant] has mentioned it by name."). §1983 provides in relevant part:

> Every person who, under color of statute, ordinance, regulation, custom, or usage, of any State . . . , subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

Under § 1983, Plaintiff must prove (1) the defendant is a person who acted "under color of law" and (2) the defendant deprived the plaintiff of a constitutional right. *Martin v. Holloway*, No. 19-17070, 2020 WL 6194038, at *3 (D.N.J. Oct. 22, 2020) (quoting *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011)).

3

But it is well established that "states and state agencies are not amenable to suit under § 1983 because states and 'arms of the state' such as Defendants here are not 'persons' under the statute." *Gattuso v. N.J. Dep't of Hum. Servs.*, 881 F. Supp. 2d 639, 646 (D.N.J. 2012); *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (holding that states and state agencies are not persons under § 1983). Here, Plaintiff attempts to sue a state agency, the NJVA, under § 1983. Because NJVA is not a person within § 1983, Plaintiff's claim and the Complaint must be dismissed.[2]

Plaintiff is denied leave to amend. Plaintiffs proceeding IFP "should receive leave to amend *unless* amendment would be inequitable or futile." *Martin*, at *3-4 (quoting *Grayson v. Mayview State Hosp.*, 295 F.3d 103, 114 (3d Cir. 2002) (emphasis added)). An amendment is futile if it "advances a claim that is legally insufficient on its face." *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000). Plaintiff's claim is legally insufficient on its face because the NJVA cannot be sued for money damages under § 1983. Accordingly, amending the Complaint is futile, and the Court denies Plaintiff leave to do so.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Complaint (ECF No. 1) is **DISMISSED *with prejudice***. An appropriate Order accompanies this Opinion.

**DATE:** December 5, 2025

HONORABLE JULIEN XAVIER NEALS
United States District Judge

---

[2] The Court notes it could also dismiss the IFP Application as defective. "A court does not abuse its discretion in denying an IFP application when the applicant's financial affidavit shows that her monthly income is significantly higher that her monthly expenses." *Chrustowski v. Archer & Greiner*, No. 23-21194, 2024 WL 1299637, at *1 (D.N.J. Mar. 26, 2024). Likewise, "a court may deny an applicant's request to proceed without paying fees and costs where an applicant submits multiple IFP applications that are inconsistent with one another." *Id.* Here, Plaintiff's four IFP Applications filed since June 2024 are inconsistent with one another. Each states differing monthly expenses and income. (*See* IFP Appl. ($0 monthly income and $5,762 monthly expenses); IFP Appl., *Toro v. Union Cnty. Bd. Soc. Servs.*, No. 24-7410, ECF No. 1-2 ($7,392 monthly income and $600 monthly expenses); IFP Appl., *Toro v. O'Dwyer*, No. 25-2065, ECF No. 1-3 ($0 monthly income and $300 monthly expenses); IFP Appl., *Toro v. Greystone Park Dir.*, No. 25-1986, ECF No. 1-2 ($7,512 monthly income and $300 monthly expenses).)